UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA REDDON,

    Plaintiff,

v.                                               CASE NO. 8:23-cv-418-KKM-SPF

GLORIANGELI CALERO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1), Plaintiff's Amended Complaint (Doc. 3), and Plaintiff's request to proceed *in forma pauperis* (Doc. 2), it is recommended that Plaintiff's request be denied and the Complaint dismissed.

    **I.**     **BACKGROUND**

    Plaintiff's Complaint alleges causes of action against Officer Gloriangeli Calero, of the Winter Haven Police Department, in her official capacity pursuant to 42 U.S.C. § 1983, for malicious prosecution, arrest without probable cause, and unlawful seizure (Doc. 1-1). Plaintiff alleges that, on or around January 8, 2023, she placed a 911 call with the claim that the father of her son was physically abusing her (Doc. 1 at 7). In response, officers from the Winter Haven Police Department arrived at her home (*Id.*). Plaintiff was then informed that she would be arrested, and was refused the opportunity to use the restroom (*Id.* at 8). After Plaintiff was taken to jail, she was still refused the opportunity

to use the restroom and she ultimately urinated on herself in the holding cell (*Id.*). Plaintiff also alleges that she had $20-$30 on her at the time of her arrest that she did not receive back (*Id.* at 9). Plaintiff was released on bond on January 11, 2023 and the charges against her were dismissed pursuant to a no bill on January 12, 2023 (*Id.*).

## II. DISCUSSION

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. A litigant need not show he or she is "absolutely destitute" to qualify

2

for indigent status. *Martinez*, 364 F.3d at 1307. An application need only show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* In determining whether a litigant is indigent, a court can consider income provided by a spouse and income from Social Security or other disability benefits. *See Trimble v. Volz*, No. 2:08-cv-417-FtM-99DNF, 2008 WL 4490181, at *3 (M.D. Fla. Sept. 30, 2008); *Sutton v. Colvin*, No. 3:16-cv-886-J-34MCR, 2016 WL 7971445, at *1 n.1 (M.D. Fla. July 26, 2016) ("Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs.").

According to Plaintiff's affidavit, her gross monthly income is $6,000.00 (Doc. 2 at 2), which equates to an annual income of $72,000.00. Plaintiff also represents that she owns a home worth $120,000.00 and a vehicle worth $3,000.00 (*Id.* at 3). Plaintiff attests that her monthly expenses and debts, on the other hand, total approximately $750.00 (*Id.* at 5). Therefore, Plaintiff's monthly household income exceeds her monthly household expenses by approximately $5,250.00. Plaintiff has otherwise failed to demonstrate that she is unable to pay the filing fee or provide security therefor. *See* 28 U.S.C. § 1915(a)(1). Based on Plaintiff's affidavit, the Court finds that Plaintiff is not indigent and has the financial ability to pay the costs associated with filing her case. *See Steuber v. Walter Inv. Mgt. Corp.*, No. 8:17-cv-2405-T-35MAP, 2017 WL 8813074, at *2 (M.D. Fla. Nov. 30, 2017), *report and recommendation adopted*, 2018 WL 1866099 (Jan. 3, 2018) (finding that

"[p]laintiff's access to the courts does not seem to be blocked by her financial status," when the plaintiff's income exceeded her expenses by $600).

Additionally, when a plaintiff files an application to proceed *in forma pauperis*, the Court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the

4

speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Here, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff alleges causes of action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that some person, acting under color of state law, deprived plaintiff of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." 42 U.S.C. § 1983; *see Bannum, Inc. v. City of Ft. Lauderdale,* 901 F.2d 989, 996–97 (11th Cir. 1990).

Plaintiff states that she is suing Officer Calero in her official capacity. Section 1983 claims against an officer in her official capacity are "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Claims brought against officers in their official capacity are construed as claims directly against the state agency that the officer represents. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Under § 1983, local government bodies, such as police departments, may be held liable only for the acts "of the municipality"—that is, acts which

5

the municipality has officially sanctioned or ordered. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). In other words, a municipality may not be held vicariously liable for the acts of its employees. *Id.*; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Moreover, to establish a policy or custom, a plaintiff must show a "persistent and widespread practice," and "actual or constructive knowledge of such customs must be attributed to a governing body of the municipality." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999). Absent policymaking authority, a single incident of misconduct by an individual fails to establish a policy or custom on the part of a municipality under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985); *Gilmere v. Atlanta*, 737 F.2d 894, 902 (11th Cir.1984).

Here, Plaintiff does not allege "actual or constructive knowledge ... attributed to a governing body of the municipality," *Wayne*, 197 F.3d at 1105, nor does she reference any incidents establishing a policy or custom, beyond her own. Accordingly, she fails to state a claim for relief under § 1983 against Officer Calero in her official capacity.

As such, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice. It is further recommended that Plaintiff be afforded the opportunity to file an amended complaint, which should set forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").[1]

---

[1] On April 14, 2023, Plaintiff filed an "Amended Complaint" (Doc. 3). The complaint form is blank except for Section V, in which Plaintiff requests that the Court "issue a

Accordingly, it is hereby **RECOMMENDED:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3. Plaintiff be directed to file an amended complaint that conforms to federal pleading standards and be directed to file the applicable filing fee together with his amended complaint.

4. Plaintiff be advised that failure to file an amended complaint or to pay the filing fee may result in dismissal of this case without prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on this 10th day of May 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

temporary injunction on the Defendant for the safety of the Plaintiff." (*Id.* at 5). To the extent this document was intended to be an Amended Complaint, it is due to be dismissed for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure. To the extent Plaintiff merely intended to add an additional request for relief to her original Complaint, this supplement does not alter the above analysis and Plaintiff's Complaint is still due to be dismissed. While the *Young* doctrine "provides an exception to Eleventh Amendment immunity for lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law," *Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009), Plaintiff failed to allege facts establishing an ongoing violation of federal law. *See, e.g., Merritt v. Transp. Officer 1*, No. 5:21-CV-37-TKW/MJF, 2022 WL 1284306, at *4 (N.D. Fla. Feb. 28, 2022), *report and recommendation adopted,* 2022 WL 897765 (Mar. 28, 2022) ("Because Plaintiff's request for injunctive relief seeks only to vindicate a past wrong, he has failed to state a claim for injunctive relief.").

## **NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.