UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA REDDON,

    Plaintiff,

v.                                                      Case No. 8:23-cv-418-KKM-SPF

GLORIANGELI CALERO,

    Defendants.
_____

## ORDER

On May 10, 2023, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Marcia Reddon's Motion to Proceed In Forma Pauperis (Doc. 2) be denied and her complaint (Doc. 1) be dismissed for failing to state a claim. R&R (Doc. 4). The fourteen-day deadline, and an additional three days as required under Federal Rule of Civil Procedure 6(d), for Reddon to object to the Magistrate Judge's Report and Recommendation has passed without her lodging an objection. Considering the record, the Court adopts the Report and Recommendation for the reasons stated therein; denies Reddon's Motion to Proceed In Forma Pauperis; and dismisses Reddon's complaint.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. Reddon's affidavit of indigency reveals that her monthly salary greatly exceeds her monthly expenses and fails to otherwise demonstrate a need to proceed without paying the filing fee. IFP Mot. at 1, 4.

Additionally, Reddon's complaint fails to state a plausible claim for relief. She sues Officer Calero in her official capacity under 42 U.S.C. § 1983, but fails to assert any facts establishing that the activity in question was in accordance with an official policy or custom of the municipality, as she must for an official capacity suit. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Finally, on April 14, 2023, Reddon filed an amended complaint seeking to add a request "[t]hat the court issue a temporary injunction on the Defendant for the safety of the Plaintiff." Am. Compl. (Doc. 3) at 5. But the amended complaint includes only this sentence under the "relief" heading, and otherwise states no claim or basis for that relief. It appears to be an attempt to add one extra request for relief to her original complaint, not to supersede it. Accordingly, the Court strikes the amended complaint. If Reddon wishes to add additional requests for relief, she may do so in her second amended complaint.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 4) is **ADOPTED** and made a part of this Order for all purposes.

2. Reddon's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

3. Reddon's Complaint (Doc. 1) is **DISMISSED** without prejudice.

4. The Clerk is directed to **STRIKE** Reddon's Amended Complaint (Doc. 3).

5. **By June 21, 2023**, Reddon may file a second amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified above and in the Report and Recommendation. Reddon must also pay the full filing fee together with any second amended complaint. Failure to comply with these directives will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on May 31, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge