UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA REDDON,

        Plaintiff,

v.                                                          Case No. 8:23-cv-418-KKM-SPF

GLORIANGELI CALERO,

        Defendant.

_____

## ORDER

On February 24, 2023, Plaintiff Marcia Reddon, proceeding pro se, filed a complaint against Gloriangeli Calero in her official capacity. (Doc. 1.) She also moved to proceed without prepaying costs and fees. IFP Mot. (Doc. 2.) Because her affidavit of indigency failed to demonstrate a need to proceed in forma pauperis and because her complaint failed to state a claim against Calero in her official capacity, her complaint was dismissed and her motion was denied. Order Adopting R&R (Doc. 5); R&R (Doc. 4). Reddon was told to amend her complaint and pay the filing fee by June 21, 2023. Order Adopting R&R at 3. Because her amended complaints failed to replead the allegations in the original complaint, they were dismissed without prejudice and Reddon was told to file another amended complaint by July 7, 2023. Order Dismissing 3d Am. Compl. (Doc. 12). Reddon timely filed a fourth amended complaint, but it too is due to be denied. 4th Am.

Compl. (Doc. 12).

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Reddon's fourth amended complaint is a shotgun pleading. Reddon uses the standard form for a complaint for violation of civil rights, and attaches a three-page recitation of facts. Reddon alleges several separate violations of her fourth amendment rights, *see* 4th Am. Compl. at 3 (alleging three separate claims for unreasonable seizure, warrantless arrest, and malicious prosecution), but fails to explain which allegations go to

which claims, *see id.* at 7–9. She does not break each cause of action into a separate count, identify which facts support which counts, or set forth any of the elements of the three claims. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting a complaint that fails to set forth elements or facts supporting each claim "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts"). Accordingly, this complaint will be dismissed. Reddon will be afforded one final opportunity to file a complaint that complies with the Federal Rules of Civil Procedure by **July 24, 2023**.

Reddon is again advised to consult the Middle District's resources for pro se litigants. *See* Litigants Without Lawyers, MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/litigants-without-lawyers (last visited July 11, 2023).

Accordingly, it is **ORDERED**:

(1) Plaintiff's Fourth Amended Complaint (Doc. 12) is **DISMISSED**.

(2) By **July 24, 2023**, Plaintiff may file a fifth amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file a fifth amended complaint by this deadline will result in the entry of judgment without further notice.

**ORDERED** in Tampa, Florida, on July 11, 2023.

Kathryn Kimball Mizelle
United States District Judge