UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA REDDON,

      Plaintiff,

v.                                          Case No. 8:23-cv-418-KKM-SPF

GLORIANGELI CALERO,

      Defendant.
_____

## ORDER

On February 24, 2023, Plaintiff Marcia Reddon, proceeding pro se, filed a complaint against Gloriangeli Calero in her official capacity. (Doc. 1.) She also moved to proceed without prepaying costs and fees. IFP Mot. (Doc. 2.) Because her affidavit of indigency failed to demonstrate a need to proceed in forma pauperis and because her complaint failed to state a claim against Calero in her official capacity, her complaint was dismissed and her motion was denied. Order Adopting R&R (Doc. 5); R&R (Doc. 4). The Court gave Reddon several opportunities to amend her complaint, but each amended complaint was dismissed without prejudice for one pleading deficiency or another. Order Adopting R&R at 3. Order Dismissing 3d Am. Compl. (Doc. 12). Order Dismissing 4th Am. Compl. (Doc. 13). Reddon now files a fifth amended complaint that also fails to comply with the Federal Rules of Civil Procedure. Accordingly, her fifth amended

complaint is dismissed without prejudice.

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Reddon's fifth amended complaint is a shotgun pleading. Unlike her previous complaints, Reddon does not use the standard form for a complaint for violation of civil rights. Instead, the complaint contains three pages reciting her factual allegations, two "issue[s]" and a section entitled "Relief," which lists "Mental Anguish," "Damage Reputation," "Diminished Earning Capacity," and "Suppression of Evidence." 5th Am.

Compl. But Reddon fails to number any of her paragraphs, to limit those paragraphs to single allegations, or to separate into different counts each cause of action or claim for relief. *Id.*; FED. R. CIV. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs., each limited as far as practicable to a single set of circumstances."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). As a result, without numbering the paragraphs or assigning allegations to particular claims for relief, the reader must guess as to which factual allegations attach to which "issue." *See* Order Dismissing 4th Am. Compl. at 3 (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting a complaint that fails to set forth elements or facts supporting each claim "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts")). In the end, a defendant cannot answer unnumbered, vague allegations that are not directed at a particular claim.

Because this is a substantial improvement on the last variations of the complaint, Reddon may have one more opportunity to amend to correct the above deficiencies. Accordingly, this complaint will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Fifth Amended Complaint (Doc. 12) is **DISMISSED** without prejudice.

3

(2) Plaintiff must file an amended complaint no later than **August 25, 2023**.

**ORDERED** in Tampa, Florida, on August 7, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

4